UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MEAKIN HOFFER, for himself and
on behalf of those similarly situated,

    Plaintiff,

v.

                                 CASE NO.:

LA MESA RV CENTER, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MEAKIN HOFFER ("Plaintiff"), for himself and on behalf of those similarly situated, files this Complaint against Defendant, LA MESA RV CENTER, INC., a Foreign Profit Corporation, ("Defendant") and in support thereof states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain declaratory relief, a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

### PARTIES

3. At all times material to this action, Plaintiff was, and continues to be, a

resident of Lee County, Florida.

4. At all times material to this action, Defendant LA MESA RV CENTER, INC., was a Foreign Profit Corporation. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, doing business, among other counties, in Lee County, Florida.

5. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as office supplies, food products, and cleaning products, which were used directly in furtherance of Defendant's commercial activity of running a RV resort.

12. Further, at all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that:

  a. The products and materials that Plaintiff used on a constant and continual basis, which were supplied to him by his employer to use on the job, moved through interstate commerce;

  b. Plaintiff regularly placed and received calls to and from out of state guests, and used the internet and Defendant's computer system to sell mobile homes to customers; and

  c. Performed work essential to the preceding activities.

13. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

### STATEMENT OF FACTS

14. On or about October 28, 2014, Defendant hired Plaintiff to work as a commission and draw-paid salesman for Defendant's RV company located at 9650 Kelly Tractor Drive, Fort Myers, Florida 33905. Plaintiff was employed by Defendant in this position through October 9, 2015.

15. Plaintiff's job duties included making sales of RVs for Defendant's business.

16. In certain workweeks between October 28, 2014, and October 9, 2015, Defendant failed to pay Plaintiff at the applicable minimum wage for all hours worked.

17. The minimum wage deficiency was the result of Defendant's policy and practice of subtracting previously paid draw amounts from the amounts earned by Plaintiff and those similarly situated, even when it resulted in Plaintiff and those

similarly situated being paid nothing for certain weeks and months of their employment.

18. Plaintiff should be compensated at least the applicable minimum wage for all hours worked.

19. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

20. The additional persons who may become Plaintiffs in this action also "worked" for Defendant as commission and draw-paid employees, worked under the same terms and conditions, and pursuant to the policies, practices, and procedures applicable to Plaintiff, and were denied proper minimum-wage compensation due to these policies, practices and procedures.

21. Defendant has violated Title 29 U.S.C. §206 during the term of Plaintiff's employment, in that:

    a. Defendant has failed to pay Plaintiff proper minimum wage for all of his hours worked for Defendant as required by the FLSA; and

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate at the statutory minimum wage for each hour worked as provided by the FLSA.

22. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendant knew, or reasonably should have known that reducing Plaintiff's compensation to zero in certain weeks or months violates the law.

23. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

24. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF MINIMUM WAGE COMPENSATION

25. Plaintiff re-alleges paragraphs 1 through 23 of the Complaint as if fully set forth herein.

26. Plaintiff was entitled to be paid the applicable minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendant.

27. In multiple workweeks between October 28, 2014, and October 9, 2015, Defendant failed to pay Plaintiff the applicable minimum wage for each hour Plaintiff worked for Defendant.

28. As a result of Defendant's actions in this regard, Plaintiff has not been paid the applicable minimum wage for all hours worked during one or more weeks of employment with Defendant.

29. Defendant had specific knowledge that it was paying sub-minimum wage to Plaintiff, but still failed to pay Plaintiff at least minimum wage in one or more workweeks.

30. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the lawful minimum wage when it knew, or should have known, such was, and is, due.

31. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

32. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continue to suffer damages and lost minimum wages for one or more weeks

of work contrary to 29 U.S.C. §206.

33. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wage for one or more weeks of work with Defendant, plus liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual and liquidated damages; a declaration that Defendant's conduct violated the FLSA; an order certifying this action as a collective action; notice to issue to those similarly situated, informing them of their right to join this litigation; as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 26th day of April, 2016.

Respectfully Submitted,

Angeli Murthy, Esquire
FBN: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*